**Herbert D. HOROWITZ et al., Appellants,**

v.

**Raymond FAINBERG et al., Appellees.**

**No. 20456.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 7, 1967.

Decided Feb. 16, 1967.

Jacob A. Stein, Washington, D. C., for appellants.

Alfred M. Schwartz, Washington, D. C., for appellee Fainberg.

Joseph A. Rafferty, Washington, D. C., entered an appearance for appellee Eastern Savings & Loan Ass'n.

David S. Scrivener, Washington, D. C., entered an appearance for appellee Perpetual Building Ass'n.

Before FAHY, McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

Appellants, as executors of an estate, sought to establish a one-half interest in two savings and loans accounts opened and maintained for several years in the name of decedent and one of his sons [1] as joint tenants with right of survivorship. No complaint is made here of the latitude afforded appellants by the court, sitting without a jury, to prove that decedent did not intend the survivorship consequences which normally attend upon this kind of ownership. It is said that the court could not properly have found, as it did, that decedent "knew, understood, and acquiesced in the fact that the accounts and stocks were held jointly with right of survivorship."

It was undisputed that decedent and his son had contributed equally to the joint property. Compare Murray v. Gadsden, 91 U.S.App.D.C. 38, 197 F.2d 194, 33 A.L.R.2d 554 (1952). There was some evidence looking away from a survivorship intention, notably the notes of a lawyer who drew decedent's will which created a trust to pay $200 per month to his widow. But there was other property capable of supporting this trust, and evidence that decedent fully understood the nature and consequences of joint tenancy. The trial judge's findings are clear and complete; and we are enjoined by Rule 52(a), Fed.R.Civ.P., not to overturn them unless they are "clearly erroneous." We would not be warranted in doing so by the record in this case.

Affirmed.

---

1. Decedent and this one of his sons were partners in the conduct of a junk business. The claim of appellants also extended to two lots of stock in publicly-held corporations which were jointly purchased by equal contributions of father and son and which were also held in joint tenancy with right of survivorship. The trial court's findings as to these holdings were the same as in the case of the savings accounts.